## LEACH v. AUWELL.

(Supreme Court, Appellate Division, Second Department. December 10, 1912.)

1. CONSTITUTIONAL LAW (§ 12*)—CONSTRUCTION OF CONSTITUTIONAL PROVISIONS—RULES.

The general rules for the interpretation of statutes govern in the interpretation of constitutional provisions.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 9; Dec. Dig. § 12.*]

2. CONSTITUTIONAL LAW (§ 14*)—MEANING OF WORDS—"NOW."

Under General Construction Law (Consol. Laws 1909, c. 22) § 34, providing that the term "now," in a provision referring to laws in force or to facts as existing, relates to the laws in force or to the facts existing immediately before the taking effect of the provision, the word "now," in the constitutional provision referring to the jurisdiction of courts "now" exercised, relates to laws in force at the adoption of the Constitution, and to the jurisdiction existing immediately before the taking effect of the Constitution.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 11; Dec. Dig. § 14.*

For other definitions, see Words and Phrases, vol. 5, pp. 4851–4853.]

3. COURTS (§ 237*)—JURISDICTION—APPELLATE DIVISION.

The jurisdiction cast directly on the Appellate Division by Const. art. 6, § 2, providing that the Appellate Division shall have the jurisdic-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion now exercised by the Supreme Court at General Term and by the General Term of the Courts of Common Pleas for the City and County of New York, etc., is exclusive of appeals authorized by section 5, providing that appeals from inferior and local courts now heard in the Court of Common Pleas for the City and .County of New York and the Superior Court of Buffalo shall be heard in the Supreme Court in such manner and by such justice or justices as the Appellate Division in the respective departments shall direct, and must be construed as referring to appeals from determinations in those courts, respectively, and determinations, if any, not within the category of appeals from local inferior courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 491, 678–698; Dec. Dig. § 237.*]

4. COURTS (§ 237*)—CONSTITUTIONAL PROVISIONS—APPELLATE TERM.

Municipal Court Act (Laws 1902, c. 580) § 310, authorizing appeals from the Municipal Court to the Appellate Term designated by the Appellate Division, is not in conflict with Const. art. 6, § 2, giving the Appellate Division jurisdiction exercised by the Supreme Court at its General Terms and by the General Terms of the Court of Common Pleas for the City and County of New York, etc., and the Appellate Term is a legal creation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 491, 678–698; Dec. Dig. § 237.*]

5. APPEAL AND ERROR (§ 1*)—RIGHT TO APPEAL—STATUTORY PROVISIONS.

The right of appeal is wholly statutory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1–4; Dec. Dig. § 1.*]

6. COURTS (§ 43*)—ORGANIZATION—LEGISLATIVE POWERS.

The Supreme Court is one, whether at Trial, Special, or Appeal Term, and the Appellate Term is the Supreme Court, and the establishment of such a term is within the powers of the Legislature.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 164–170, 181–183; Dec. Dig. § 43.*]

7. CONSTITUTIONAL LAW (§ 26*)—RESTRICTION OF LEGISLATIVE POWER.

The Constitution controls the Legislature only by prohibition expressly, made or necessarily implied.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 30; Dec. Dig. § 26.*]

8. CONSTITUTIONAL LAW (§ 61*)—LEGISLATIVE POWER—ENCROACHMENT ON JUDICIARY.

Municipal Court Act (Laws 1902, c. 580) § 310, authorizing appeals from the Municipal Court to the Supreme Court to be heard in such manner and by such justice or justices as the Appellate Division in the judicial department embracing the district wherein the action is brought shall direct, except that the Appellate Division of the Second Judicial Department may direct that such appeal may be heard directly before that court, but that if the Appellate Division in the Second Department directs such appeal to be heard by three other justices designated before it, and to be known as the Appellate Term, the Appellate Division may appoint and remove a clerk of such Appellate Term, etc., makes it determinative with the Appellate Division whether it shall direct the appeal to be heard before one or three justices, or before itself, and is not objectionable on that ground.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 103–107; Dec. Dig. § 61.*]

9. COURTS (§ 190*)—CREATION—STATUTORY PROVISIONS.
 · The statute provides that the appeal shall be heard by such justice or justices of the Appellate Division as the Appellate Division shall direct, and in the event of an Appellate Term, where the Appellate Division directs, the appeal shall be heard before three other justices designated by it, and the Appellate Term does not consist of three justices assigned to the Appellate Division.
 [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

10. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—STATUTORY PROVISIONS.
 The statute provides for but one appeal, whether heard by a justice or justices, by the Appellate Division or by the Appellate Term, and the Appellate Division may not permit an appeal from the Appellate Term.
 [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

11. STATUTES (§ 186*)—CONSTRUCTION—SUPPLYING OMISSIONS.
 The mere fact that the Code provides for a second appeal in certain cases in the First Department and omits any provision therefor in the Second Department, does not authorize the Appellate Division in the Second Department to supply the omission by virtue of its power to construe statutes.
 [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 265; Dec. Dig. § 186.*]

12. CONSTITUTIONAL LAW (§ 208*)—DISCRIMINATORY STATUTES.
 A statute which provides for a second appeal in the First judicial district while omitting any provision for a second appeal in the Second judicial district, is not unconstitutional, as discriminatory against litigants in the Second judicial district, because the provision for a second appeal operates uniformly as to one class.
 [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 649–677; Dec. Dig. § 208.*]

Appeal from Appellate Term, Second Department.

Action by Alice M. Leach against Frederick P. Auwell. There was an appeal to the Appellate Term from an adverse judgment, and the party aggrieved by its determination moves for leave to appeal to the Appellate Division. Denied.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Leon N. Futter, of Brooklyn, for the motion.
George A. Logan, of Brooklyn, opposed.

JENKS, P. J. In November, 1911, the Appellate Division in this department, pursuant to section 310 of the Municipal Court Act, directed that appeals from the Municipal Court be heard by an Appellate Term. The case wherein this motion is made was so heard and determined. This motion is for leave to appeal to this court from that determination. There are several similar motions in as many separate cases. I shall endeavor to notice the various contentions of the respective counsel.

The pertinent provisions of the said section 310 read as follows:

"An appeal from a judgment rendered in an action, or a final order made in summary proceedings in the Municipal Court of the City of New York, or from orders as hereinbefore provided, may be taken to the Supreme Court. Such appeal shall be heard in such manner and by such justice or justices as the Appellate Division of the Supreme Court in the judicial department,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

embracing the district wherein the action is brought shall direct, except that the Appellate Division of the Second Judicial Department may direct that such appeal may be heard directly before that court: Provided, however, that if the Appellate Division in the Second Department directs such appeal to be heard before three other justices designated by it and to be known as the Appellate Term in the Second Department, said Appellate Division may appoint and remove a chief clerk of such Appellate Term and one deputy clerk and not to exceed three attendants and to fix their salaries or compensation," etc.

It is contended that such legislation is ultra vires the Legislature, because it is in violation of the Constitution of this state. The proposition presented first is that neither the Legislature nor this court, nor the two combined, can limit the powers of this court granted by the Constitution; that section 2 of article 6 of the Constitution confers fundamental power upon this court; that appeals were entertained by the General Term of the Court of Common Pleas in review of judgments of the old District Courts, and hence that power was thus transferred by the Constitution directly to this court, as the present Municipal Court is merely a continuation of the old District Courts, and from the merger accomplished by the Constitution it follows that the same relation existed between the District Courts and the Court of Common Pleas. We are cited to a provision of article 6 that reads as follows:

"From and after the last day of December, 1895, the Appellate Division shall have the jurisdiction now exercised by the Supreme Court at its General Terms, and by the General Terms of the Court of Common Pleas for the City and County of New York, the Superior Court of the City of New York, the Superior Court of Buffalo and the City of Brooklyn, and such additional jurisdiction as may be conferred by the Legislature."

[1, 2] It must be remembered that at the time of the adoption of the Constitution there was not a Court of Common Pleas for the City and County of New York within the territory embraced in the Second Judicial Department. The Court of Common Pleas named in that instrument was originally the Mayor's Court of the City of New York, which in 1821 was changed in title. Its jurisdiction was enlarged from time to time, but it always remained a local court with respect to the city and county of New York. Courts of the State of New York, Scott. This provision of the Constitution but transfers the jurisdiction of the General Terms of the Supreme Court, and of the said Court of Common Pleas, and of the several Superior Courts respectively named, to the Appellate Division. While it is true that the Appellate Division is but one court, the provision is not to be interpreted as transferring, e. g., the existing appellate jurisdiction of the said Superior Court of Buffalo to that part of the Appellate Division that consists of the justices in this department, which would follow if the argument that it transferred the existing appellate jurisdiction of the said Court of Common Pleas to the same part should prevail. The provision was required perforce of the abolition of those courts, and hence it does not indicate a departure so radical as to transfer the jurisdiction of these local courts broadcast upon the Appellate Division throughout the state. The provision

deals with a condition "now exercised." The general rules of interpretation for Constitution or statute are alike. Sedgwick on the Construction of Statute and Constitutional Law (2d Ed.) p. 19. The term "now" relates to the laws in force or to the facts and circumstances existing immediately before the taking effect of such provision. Section 34, General Construction Law.

[3] It was not the intention of the provision that appeals from inferior and local courts that had been heard by the General Term of the Court of Common Pleas, for example, must be heard by the Appellate Division; for there is express provision in section 5 of the said article 6 that:

"Appeals from inferior and local courts now heard in the Court of Common Pleas for the City and County of New York, and the Superior Court of Buffalo, shall be heard in the Supreme Court in such manner and by such justice or justices as the Appellate Divisions in the respective departments which include New York and Buffalo shall direct, unless otherwise provided by the Legislature."

This provision last quoted indicates that the appellate jurisdiction cast directly upon the Appellate Division by the provision first quoted is exclusive of such appeals, and is to be construed as referring to appeals from determinations in those courts respectively, and determinations, if any, not within the category of appeals from local and inferior courts.

[4] At the time of the adoption of the Constitution there was no Municipal Court in this department or in the city of New York. The Municipal Court of the City of New York, constituted in 1898, was a "continuation, consolidation, and reorganization" of the former District Courts of the old city of New York and the Justices' Courts in the First, Second and Third districts of the old city of Brooklyn under a new name. See Worthington v. London G. & A. Co., 164 N. Y. 81, 58 N. E. 102. Appeals from the said justices' courts were taken to the county court. As the Constitution did not abolish the Appellate Court for such Justices' Court, there was no reason for any provision in that instrument relative to such appeals. It is not to be presumed that the Constitution would make so radical a departure as to authorize appeals from inferior courts which are local as to this department to be heard by the Appellate Division throughout the state. No good reason is suggested why this should be done.

As I have said, the sole apparent need and purpose of the said provision conferring jurisdiction upon the Appellate Division was to meet the situation required by the abolition of courts. So radical a departure as is contended for is not to be presumed as within the intent of the makers of the Constitution, but must appear from explicit provision therefor. Endlich on Interpretation of Statutes, § 155. See, too, the discussion of general principles by Allen, J., in Landers v. Staten Island R. R. Co., 53 N. Y. 450. Moreover, the Constitution adopts and recognizes the scheme of a division of the state into judicial districts and departments upon territorial lines with reference to the sole court of state-wide jurisdiction itself, and, as we have seen heretofore, expressly carries out such scheme so far as appeals from

all local and inferior courts to courts which are abolished are concerned. While it is silent as to the appeals to be heard from local and inferior courts to this department, save as to the City Court of Brooklyn, which never heard appeals from the said Justices' Courts; there is no prohibition, express or implied, against legislation in regulation of such appeals. I may add that, if this department is within the purview of the constitutional regulation of appeals from local and inferior courts perforce of the fact that three boroughs of the city of New York are within the territory of this department, then there is, of course, affirmative provision for an appellate term.

[5] The Municipal Court Act, as I have said, was passed in 1898. I think that the Appellate Term is a legal creation. In People v. Dunn, 31 App. Div. 145, 52 N. Y. Supp. 972, affirmed 157 N. Y. 528, 52 N. E. 572, 43 L. R. A. 247, the court say:

"The right of appeal is not guaranteed by the Constitution. That is a matter entirely within the legislative judgment. Even the general right to an appeal, in the absence of a constitutional provision to the contrary, is but a privilege which the Legislature may take away. Ex parte McCardle, 7 Wall. 506 [19 L. Ed. 264]; Railroad Company v. Grant, 98 U. S. 398 [25 L. Ed. 231]; Grover v. Coon, 1 N. Y. 536; Croveno v. Atlantic Ave. R. R. Co., 150 N. Y. 225 [44 N. E. 968]."

[6, 7] In the very section that affords and regulates the right of appeal, the Legislature has prescribed that it may be taken to the Supreme Court. That court is one, whether at Trial, Special, or Appeal Term. Salmon v. Gedney, 75 N. Y. 479; Matter of Pye, 21 App. Div. 266, 47 N. Y. Supp. 689. The Appellate Term is the Supreme Court, and the establishing of such a term is well within the powers of the Legislature. People ex rel. Townsend v. Porter, 90 N. Y. at p. 72. The Constitution is an instrument of restriction, that controls the Legislature only by "prohibition, expressly made or necessarily implied." Sill v. Village of Corning, 15 N. Y. 300; People ex rel. Hatfield v. Comstock, 78 N. Y. 361; Koch v. Mayor, 152 N. Y. 75, 46 N. E. 170.

[8, 9] There can be no objection that the power is contingent; i. e., that the Legislature has not directed that such appeal shall be heard before three justices, but has made it determinative with the Appellate Division whether it shall direct the appeal to be heard before one or three justices, or before itself. Stone v. Charlestown, 114 Mass. 214; Lynn v. County Commissioners, 148 Mass. 148–151, 19 N. E. 171; Opinion of Justices, 138 Mass. 601. There is no force in the point that the Appellate Term must consist of three justices assigned to this part of the Appellate Division, for the reason that the appeal is to be heard by "such justice or justices" (not such justices of the Appellate Division) as the Appellate Division shall direct, and that it is provided, in the event of an Appellate Term, if the Appellate Division directs, such appeal be heard before "three other justices" designated by it.

[10] It is urged that, even though we had directed these appeals to be heard by an Appellate Term in accord with the statute, we could, if we would, provide for a *second appeal* from the Appellate Term to us. I think that the Legislature has provided for but one

appeal, whether heard by a justice or justices, by the Appellate Division or by the Appellate Term. In Manheim v. Seitz, 36 App. Div. 352, 55 N. Y. Supp. 321, we discussed the question of a second appeal in the Supreme Court, and decided that there was no authority therefor. It is unnecessary to add to the discussion of Woodward, J., which led to the conclusion:

"The appellant's contention would secure to him the benefit of two appeals in the Supreme Court, a thing unknown to our jurisprudence."

It is not the function of a court to provide for a second appeal. It would be to intrench upon the legislative branch of the government. As was said by Andrews, J., in People v. Trezza, 128 N. Y. 533, 28 N. E. 533:

"It may be that the failure to provide for an appeal in such a case as this was casus omissus. But the courts must be guided by the law as it is, and cannot give an appeal where none is given by the statute."

[11] It is urged that as the Code provides for a second appeal in certain cases in the First Department and omits any provision therefor in the Second Department, this is imperfect legislation, but even so it may be answered in the words of Story, J., in Smith v. Rines, 2 Sumn. 338, Fed. Cas. No. 13,100:

"It is not for courts of justice proprio marte to provide for all the defects or mischiefs of imperfect legislation,"

—which are cited and approved in Hobbs v. McLean, 117 U. S. 580, 6 Sup. Ct. 870, 29 L. Ed. 940.

We cannot agree with the argument that there can be any application of the doctrine of casus omissus, for the rule does not permit the court to go as far as virtually to make a law. United States v. Union Pacific R. R. Co., 91 U. S. 72–85, 23 L. Ed. 224; Hobbs v. McLean, supra, 117 U. S. 579, 6 Sup. Ct. 870, 29 L. Ed. 940.

[12] It is urged that the statute is unconstitutional, because of discrimination. But the statute which provides for a second appeal operates uniformly as to one class, namely, those appellants whose appeals are to be heard in the First judicial district, so that appellants in the Second judicial district are of themselves in another class. This satisfies the principle of the equality of laws. Chicago, B. & Q. R. R. v. Iowa, 94 U. S. 155, 24 L. Ed. 94. As was said by the Court in Pittsburgh, etc., R. Co. v. Backus, 154 U. S. 427, 14 Sup. Ct. 1117, 38 L. Ed. 1031:

"If a single hearing is not due process, doubling it will not make it so; and the power of a state to make classifications in judicial or administrative proceedings carries with it the right to make such a classification as will give to parties belonging to one class two hearings before their rights are finally determined, and to parties belonging to a different class only a single hearing."

See, too, Missouri v. Lewis, 101 U. S. 22, 25 L. Ed. 989; Mallett v. North Carolina, 181 U. S. 598, 21 Sup. Ct. 730, 45 L. Ed. 1015.

The motion is denied, without costs. All concur.