## ARMSTEAD v. EGBERT.

(Supreme Court, Appellate Division, Second Department. December 10, 1912.)

Appeal from Appellate Term, Second Department.

Action by Frank C. Armstead against George W. Egbert. There was an appeal to the Appellate Term, and the party aggrieved by its determination moves for leave to appeal to the Appellate Division. Denied.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.,

George W. Titcomb, of Brooklyn, for the motion.

Edward H. Lockwood, of New York City, opposed.

PER CURIAM. Motion denied, without costs, on the authority of Leach v. Auwell, 138 N. Y. Supp. 975, decided herewith.

## JONES v. GREEN et al.

(Supreme Court, Appellate Division, Second Department. December 10, 1912.)

Appeal from Appellate Term, Second Department.

Action by Melvina A. Jones against Louisa Green and others. There was an appeal to the Appellate Term, and the party aggrieved by its determination moves for leave to appeal to the Appellate Division. Denied.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Samuel Walker, of Brooklyn, for the motion.

Robert Stewart, of Brooklyn, opposed.

PER CURIAM. Motion denied, without costs, on the authority of Leach v. Auwell, 138 N. Y. Supp. 975, decided herewith.

## LACOV v. WHITE'S EXPRESS CO.

(Supreme Court, Appellate Division, Second Department. December 10, 1912.)

Appeal from Appellate Term, Second Department.

Action by Joseph Lacov against White's Express Company. There was an appeal to the Appellate Term, and the party aggrieved by its determination moves for leave to appeal to the Appellate Division. Denied.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

A. B. Keve, of New York City, for the motion.

Bogart & Bogart, of New York City, opposed.

PER CURIAM. Motion denied, without costs, on the authority of Leach v. Auwell, 138 N. Y. Supp. 975, decided herewith.

## O'ROURKE v. BRADEN.

(Supreme Court, Appellate Division, Second Department. December 10, 1912.)

Appeal from Appellate Term, Second Department.

Action by Sarah R. O'Rourke against Maretta J. Braden. There was an appeal to the Appellate Term, and the party aggrieved by its determination moves for leave to appeal to the Appellate Division. Denied.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Clarence C. Fowler, of New York City, for the motion.

Bond & Babson, of New York City (James P. Callender, of New York City, of counsel), opposed.

PER CURIAM. Motion denied, without costs, on the authority of Leach v. Auwell, 138 N. Y. Supp. 975, decided herewith.

---

## TITLE GUARANTEE & TRUST CO. v. FRIEDMAN.

(Supreme Court, Appellate Division, Second Department. December 10, 1912.)

Appeal from Appellate Term, Second Department.

Action by the Title Guarantee & Trust Company against Emil Friedman. There was an appeal to the Appellate Term, and the party aggrieved by its determination moves for leave to appeal to the Appellate Division. Denied.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Albert A. Hovell, of Brooklyn, for the motion.

Edward D. Newman, of New York City, opposed.

PER CURIAM. Motion denied, without costs, on the authority of Leach v. Auwell, 138 N. Y. Supp. 975, decided herewith.

---

## LEWKOWICZ v. QUEEN AËROPLANE CO.

(Supreme Court, Appellate Division, First Department. December 20, 1912.)

1. CONSTITUTIONAL LAW (§ 16*)—CONSTRUCTION OF CONSTITUTIONAL PROVISIONS—POWER OF COURT.

The court, in construing doubtful constitutional provisions, may ascertain the mischief designed to be remedied or the purpose to be accomplished, and it may examine the proceedings of the constitutional convention.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 12, 16; Dec. Dig. § 16.*]

2. COURTS (§ 160*)—INFERIOR COURTS—JURISDICTION—CONSTITUTIONAL PROVISIONS.

The City Court of the City of New York is an inferior local court, within Const. art. 6, §§ 14, 18, giving the County Court jurisdiction in an action for the recovery of money only where the complaint demands judgment not exceeding $2,000, and prohibiting the conferring on inferior local courts of any greater jurisdiction than is conferred on County Courts, so that Laws 1911, c. 569, amending Code Civ. Proc. § 316, by increasing from $2,000 to $5,000 the sum for which judgment may be rendered in the City Court, is unconstitutional.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 405; Dec. Dig. § 160.*]

3. COURTS (§ 188*)—INFERIOR COURTS—JURISDICTION—STATUTORY PROVISIONS.

Code Civ. Proc. § 316, providing that judgment entered in an action in the City Court of the City of New York for money only shall not exceed $2,000 does not affect the jurisdiction of the court in an action to recover a greater sum, and it has jurisdiction of such action, but its judgment cannot exceed the specified amount.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 437–468; Dec. Dig. § 188.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes