In the Matter of E. CONWAY PLUMMER et al., Appellants, *v.* CHARLES R. DOMINY, as Supervisor of Town of Brookhaven, Respondent.

Second Department, March 18, 1963.

*Griffing, Smith, Tasker, Finkelstein & Lundberg* (*Reginald C. Smith* and *Howard M. Finkelstein* of counsel), for appellants.

*Samuel I. Sloane* for respondent.

*Victor J. Yannacone, Jr.,* for Property Owners' Association of Port Jefferson, Inc., *amicus curiæ.*

UGHETTA, J. The procedure to be employed in incorporating any territory as a village is set forth in article 2 of the Village Law. A proposition with attached consent, executed by qualified persons, with respect to a restricted area, must be delivered to the Town Supervisor. Of prime importance is the area of the territory. Its description is to be contained in the proposition and its population is to be set forth. The proposition must be signed by freeholders within the territory.

The proposition here was signed on May 22, 1962 by purported freeholders in the territory. The description of the territory, however, was not agreed upon and was not set forth in writing until early in June, 1962. On June 6, 1962 the proposition and an unattached description and consent were delivered to the respondent Supervisor.

Under the statute, the Supervisor was required within 20 days, to post and publish a notice of hearing to be had upon the proposition. Accordingly, he gave such notice of a hearing to be held on July 23, 1962. The present proceeding under article 78 of the Civil Practice Act was then instituted, but the statutory hearing upon the incorporation was stayed. In their petition, the petitioners allege, in substance, that the notice of hearing was illegal and void on the ground that the belated and unattached description was not a compliance with the statute. That, however, is the very question which the Supervisor was required to decide after the requisite hearing of objections.

Five specific grounds upon which to predicate objections to incorporation are set forth in the Village Law (§ 5). The fact that the noncompliance urged here is not within any of these specific grounds does not preclude the Supervisor from considering it (*Red Hook Cold Stor. Co. v. Department of Labor,* 295 N. Y. 1). Whatever the specific objection, the Supervisor must consider it by virtue of his obligation to '' determine whether the proposition, consent and papers filed therewith comply with this chapter '' (Village Law, § 6).

By the order presently appealed from the article 78 proceeding was dismissed and the stay vacated. It is asserted (and not disputed) that thereafter a hearing was had, that the objections were dismissed, and that an election was held on December 7, 1962 which resulted in a majority vote for incorporation.

The petition was properly dismissed. Not only was it premature, but an adverse determination by the Supervisor could be adequately reviewed by appeal (Civ. Prac. Act, § 1285, subds. 3, 4; *Matter of City Tit. Ins. Co. v. Orgel,* 2 A D 2d 250). It was for the Supervisor to determine, after notice and hearing, whether any objection should be upheld. In the event of an adverse determination by him, petitioners could have appealed to the County Court (Village Law, § 7).

In our opinion, the general jurisdiction of the Supreme Court of the State is not, as urged by the petitioners, in issue. The grant of a right of appeal from the Supervisor's administrative determination was exclusively within the competence of the Legislature (*People v. Trezza,* 128 N. Y. 529, 533; *Leach v. Auwell,* 154 App. Div. 170, 174, 175).

The order dismissing the petition should be affirmed, without costs.

BELDOCK, P. J., CHRIST, HILL and RABIN, JJ., concur.

Order affirmed, without costs.