Stefanik v Hochul (2024 NY Slip Op 24034)

[*1]

Stefanik v Hochul

2024 NY Slip Op 24034

Decided on February 5, 2024

Supreme Court, Albany County

Ryba, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 5, 2024
Supreme Court, Albany County

Elise Stefanik, NICOLE MALLIOTAKIS NICHOLAS LANGWORTHY, CLAUDIA TENNEY, ANDREW GOODELL, MICHAEL SIGLER, PETER KING, GAIL TEAL, DOUGLAS COLETY, BRENT BOGARDUS, MARK E SMITH, THOMAS A. NICHOLS, MARY LOU A. MONAHAN, ROBERT F HOLDEN, CARLA KERR STEARNS, JERRY FISHMAN, NEW YORK REPUBLICAN STATE COMMITTEE, CONSERVATIVE PARTY OF NEW YORK STATE, NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, REPUBLICAN NATIONAL COMMITTEE, Petitioners,

against
Kathy Hochul, in her official capacity as Governor of New York; NEW YORK STATE BOARD OF ELECTIONS; PETER S. KOSINSKI, in his official capacity as Co-Chair of the New York State Board of Elections; DOUGLAS A. KELLNER, in his official capacity as Co-Chair of the New York State Board of Elections; and THE STATE OF NEW YORK, Defendants.

Index No. 908840-23

Michael Yuri Hawrylchak, Esq. and Cornelius D. Murray, Esq.
O'Connell and Aronowitz
For Plaintiffs
54 State Street, 9th Floor
Albany, New York 12207-2501
Letitia James
Attorney General of the State of New York 
Matthew John Gallagher, Esq., and Noah Cyr Engelhart
(Assistant Attorneys Generals, of Counsel) 
Attorneys for Kathy Hochul in her official capacity 
as Governor of New York and State of New York The Capitol
Albany, New York 12224-0341
Kevin G. Murphy and Brian Lee Quail
Attorneys for Defendant
NEW YORK STATE BOARD OF ELECTIONS
40 N Pearl St Ste 5
Albany NY 12207
Cullen and Dykman LLP
For Defendant Peter S. Kosinski in his official capacity as 
Co-Chair of the New York State Board of Elections
80 State Street, Suite 900
Albany, NY 12207
Brian Lee Quail, Esq and Douglas A. Kellner
For Defendant Douglas A. Kellner in his official capacity 
as Co-Chair of the New York State Board of Elections
40 N Pearl St Ste 5
Albany NY 12207
Dreyer Boyajian LLP
James R. Peluso, Esq,
For Intervenors DCCC, Senator Kirsten Gillibrand, Representatives 
Yvette Clarke, Grace Meng, Joseph Morelle, Ritchie Torres, 
and New York voters Janice Strauss, Geoff Strauss, Rima Liscum, 
Barbara Walsh, Michael Colombo, and Yvette Vasquez
75 Columbia Street
Albany, NY 12210

Christina L. Ryba, J.

On June 6, 2023, the New York State Legislature passed a bill amending Article 8 of the Election Law to add a new Title 7 entitled the New York Early Mail Voter Act ("Early Mail Voter Act"), which authorizes all registered voters to vote by mail during the early voting period up to ten days before Election Day, and establishes procedures governing the early mail voting process including rules for obtaining, delivering and counting early mail ballots (2023 NY Senate-Assembly Bill S7394, A7632). The bill was signed into law on September 20, 2023 as Chapter 481 of the Laws of 2023 of the State of New York and is now set forth at Election Law §8-700 et seq. with an effective date of January 1, 2024. Plaintiffs, comprised of a group of citizen voters, candidates for public office, elected and appointed state and local officials including local election commissioners, and political party organizations, commenced this action seeking 1) a declaration that the Early Mail Voter Act is unconstitutional because it violates art. [*2]II, § 2 of the NY Constitution, and 2) permanent injunctive relief prohibiting defendants from enforcing and/or implementing the provisions of the Early Mail Voting Act. Plaintiffs also moved by way of Order to Show Cause for a preliminary injunction enjoining the implementation of the Early Mail Voter Act pending the outcome of this action. By Decision and Order dated December 26, 2023, this Court denied the application, finding that plaintiffs failed to establish that they would suffer irreparable harm in the absence of an injunction and that the equities balanced in their favor.
Defendants Democratic Congressional Campaign Committee [DCCC], Senator Kirsten Gillibrand, Representatives Yvette Clarke, Grace Meng, Joseph Morelle, Ritchie Torres, and New York voters Janice Strauss, Geoff Strauss, Rima Liscum, Barbara Walsh, Michael Colombo, and Yvette Vasquez ("Intervenors"), who have been granted intervenor status, have filed a motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7). Defendants State of New York and Kathy Hochul, in her official capacity as Governor of New York ("State Defendants"), also move to dismiss the complaint pursuant to CPLR 3211 (a) for failure to state a cause of action and on other grounds. Plaintiffs oppose both motions and cross-move for summary judgment in their favor. Defendants Douglas Kellner and Andrew Spano, in their official capacities as Commissioners of the New York State Board of Elections, join in the motions by the State Defendants and the Gillibrand Defendants, and oppose plaintiffs' cross motion. Defendant Peter S. Kosinski, in his official capacity as Co-Chair of the New York State Board of Elections ("Commissioner Kosinski"), opposes defendants' respective motions.
It is well settled that "[i]n a civil action, a motion to dismiss pursuant to CPLR 3211(a)(7) requires the court to give the pleading a liberal construction, accept the facts alleged in the complaint to be true and afford the plaintiff the benefit of every possible favorable inference, and to dismiss the pleading if, upon that analysis, it fails to state a cause of action" (Dodson v Town Bd. of the Town of Rotterdam, 182 AD3d 109, 112 [2020] [internal quotation marks and citations omitted]). The issue presented for consideration is whether plaintiff can succeed on any reasonable view of the facts stated in the complaint, not whether the plaintiff is ultimately entitled to a favorable declaration (see, Campaign for Fiscal Equity, Inc. v State, 86 NY2d 307 [1995]; Matter of Dashnaw v Town of Peru, 111 AD3d 1222, 1225 [2013]; 1455 Washington Ave. Assocs. v Rose & Kiernan, Inc., 260 AD2d 770, 771 [1999]). However, in considering such a motion, the Court should not accept as true legal conclusions or factual allegations that are inherently incredible or flatly contradicted by documentary evidence (see, 1455 Washington Ave. Assocs. v Rose & Kiernan, Inc., 260 AD2d 770, 771 [1999]). Moreover, "where the court, deeming the material allegations of the complaint to be true, is nonetheless able to determine, as a matter of law, that the defendant is entitled to a declaration in his or her favor, the court may enter a judgment making the appropriate declaration" (DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d 725, 728 [2013]; see, North Oyster Bay Baymen's Assn. v Town of Oyster Bay, 130 AD3d 885, 890 [2015]; Minovici v Belkin BV, 109 AD3d 520, 524 [2013]; Dodson v Town Bd. of the Town of Rotterdam, 182 AD3d at 112 [2020]).
The Court will first address the respective motions to dismiss the complaint for failure to state a cause of action. The complaint sets forth a single cause of action seeking a declaration that the Early Mail Voter Act is facially unconstitutional under article II, § 2 of the NY [*3]Constitution. According to the complaint, article II, § 2 of the NY Constitution, entitled "Absentee Voting", requires all voters to vote in person at their polling place unless they fall into one of two specifically enumerated exceptions where "absentee voting" is allowed. The complaint alleges that the Early Mail Voter Act violates article II, § 2 by permitting any qualified voter to cast a ballot by mail regardless of whether one of the exceptions to the in-person voting requirement applies. In support of their respective motions to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (7), Interveners and the State Defendants argue that article II, § 2 of the NY Constitution neither mandates in-person voting, nor restricts the Legislature's power to establish alternative voting methods for all eligible voters. Rather, they contend that the Early Mail Voter Act is a constitutional exercise of the Legislature's plenary power to specify the manner and method of voting as set forth in article II, § 7 of the NY Constitution.
It is well settled that duly enacted statutes enjoy an exceedingly strong presumption of constitutionality, and "a party who asserts that a statute is facially unconstitutional must demonstrate beyond a reasonable doubt that the statute suffers from wholesale constitutional impairment" (People v Davis, 13 NY3d 17, 23—24 [2009] [internal citations and quotation marks omitted]; see, Matarazzo v Charlee Family Care Inc. 218 AD3d 941 [2023]; Matter of Schulz v State of New York, 216 AD3d 21, 25 [2023]). A party asserting such a constitutional challenge bears the extraordinary burden of demonstrating that the law suffers from wholesale constitutional impairment in every conceivable application and under every set of possible circumstances; in other words, the challenger must establish that no set of circumstances exists under which the statute would be valid (see, Moran Towing Corp. v Urbach, 99 NY2d 443 [2003]). "Thus, a facial challenge must fail so long as there are circumstances under which the challenged provision 'could be constitutionally applied'" (Owner Operator Indep. Drivers Ass'n, Inc. v New York State Dep't of Transportation, 40 NY3d 55, 61 [2023]; quoting Matter of Moran Towing Corp. v Urbach, 99 NY2d 443, 445 [2003]). Moreover, "only in rare cases should courts of the first instance - like here — find acts of the Legislature unconstitutional" (Lakr Kaal Rock, LLC v Paul, 78 Misc 3d 1019, 1027 [NY City Ct. 2023]). The Court must make every effort to avoid a constitutional conflict, striking down a statute only as a last unavoidable result after every reasonable mode of reconciliation with the Constitution has been attempted and found to be impossible (see, American Economy Ins. Co. v State of New York, 30 NY3d 136, 149 [2017]; People v Davidson, 27 NY3d 1083 [2016]; Sullivan v New York State Joint Comm'n on Pub. Ethics, 207 AD3d 117, 125 [2022]).
Applying the above standard, while also treating all allegations in the complaint as true and affording plaintiffs the benefit of possible favorable inference, the Court finds that plaintiffs failed to satisfy their burden to demonstrate beyond a reasonable doubt that the Early Mail Voter Act is unconstitutional. Plaintiffs' entire complaint is based upon the premise that article II, § 2 of the NY Constitution requires all individuals to vote in person at their designated polling place. The complaint further alleges that article II, § 2 of the NY Constitution establishes two limited exceptions to in-person voting, allowing the Legislature to establish an alternative voting method only for those voters who are unable personally appear at the polls due to 1) their absence from their county of residence, or 2) illness or physical disability. Based upon this interpretation of article II, § 2, the complaint alleges that the NY Constitution prohibits the Legislature from [*4]establishing alternative voting methods for voters who do not fall into one of the two enumerated exceptions. Accordingly, plaintiffs reason that the Early Mail Voter Law - - which permits all qualified voters to vote early by mail rather than in person - - conflicts with article II, § 2 of the NY Constitution and must be declared unconstitutional. 
The Court's inquiry must begin with the well-settled principle that the plenary power of the State Legislature is unlimited in all matters pertaining to legislation, except in those instances where its power is restrained by the Constitution (see, Burr v Vorrhis, 229 NY 382, 388 [1920]; People ex rel. Central Trust Co. v Prendergast, 202 NY 188 [1911]; Cort v Smith, 249 AD 1, 4 [1936],aff'd 273 NY 481 [1936]). "The Constitution is an instrument of restriction, that controls the Legislature only by prohibition, expressly made or necessarily implied" (Leach v Auwell, 154 AD 170, 175 [1912] [internal quotations and citations omitted]). Thus, in determining whether the Early Mail Voting Law is unconstitutional under article II, § 2 of NY Constitution, the question distills to whether that provision contains an express restriction on the Legislature's power to permit early voting by mail for all qualified voters, or whether such a restriction must be necessarily implied from the constitutional language used. Absent an express or necessarily implied prohibition in this regard, the Legislature in the exercise of its plenary powers may enact legislation as it sees fit, and the Court must avoid judicial legislation as it "do[es] not sit in review of the discretion of the Legislature or determine the expediency, wisdom, or propriety of its action on matters within its powers" (McKinney's Consolidated Laws of NY, Book 1, Statutes § 73; see, Xiang Fu He v Troon Mgmt., Inc., 34 NY3d 167, 175 [2019]).
At the outset, the Court notes that in addition to the broad plenary power inherently held by the Legislature as to all matters of legislation, the NY Constitution bestows upon the Legislature the specific plenary power to prescribe laws establishing the method of elections for all voters. Article II, § 7 of the NY Constitution, entitled "Manner of voting; identification of voters", provides in relevant part:
All elections by the citizens . . . shall be by ballot, or by such other method as may be prescribed by law, provided that secrecy in voting be preserved. The legislature shall provide for identification of voters through their signatures in all cases where personal registration is required and shall also provide for the signatures, at the time of voting, of all persons voting in person by ballot or voting machine, whether or not they have registered in person, save only in cases of illiteracy or physical disability [emphasis supplied]. Despite this broad power to establish laws governing the manner and method of voting, plaintiffs contend that the Legislature lacks authority to permit mail as a method of early voting by virtue of purported restrictions imposed by article II, § 2 of the NY Constitution. That provision, entitled "Absentee voting" states that:
[t]he [L]egislature may, by general law, provide a manner in which, and the time and place at which, qualified voters who, on the occurrence of any election, may be absent from the county of their residence or, if residents of the city of New York, from the city, and qualified voters who, on the occurrence of any election, may be unable to appear personally at the polling place because of illness or physical disability, may vote and for [*5]the return and canvass of their votes. [FN1]
The Court must construe this constitutional provision as it would construe the language of a statute, by reviewing its plain language and giving the words used their ordinary meaning (Harkenrider v. Hochul, 38 NY3d 494, 509 [2022]). Our Constitution is "an instrument framed deliberately and with care" (Matter of King v Cuomo, 81 NY2d 247, 253 [1993]) and "[i]t must be presumed that its framers understood the force of the language used" (People v Rathbone, 145 NY 434, 438 [1895]; see, Harkenrider v Hochul, 38 NY3d 494, 511 [2022]). Accordingly, when interpreting the Constitution the Court must not read beyond the language employed or add words that the framers chose not to place therein.
The Court finds that the Early Mail Voter Act is not inconsistent with any express provision of article II, §2 of the NY Constitution, nor does it violate any restriction on legislative power that may be necessarily implied therefrom. Contrary to plaintiffs' contention, there is no express language in article II, § 2 that requires all individuals to vote in person at their designated polling place on the day of an election. Nor does that provision contain any express language prohibiting the Legislature from enacting laws that permit all eligible voters to vote by mail. Rather, the plain language of article II, § 2 simply permits the Legislature to create laws to provide special accommodations for certain categories of voters who are physically unable to appear at their designated polling place on the day of an election. It in no way limits the Legislature's inherent plenary power or its constitutional authority to enact laws that generally provide for voting methods other than by ballot (see, NY Const. art. II, § 7).
Nor is a limitation on the Legislature's power to establish alternative voting methods necessarily implied from the language of article II, §2 of the NY Constitution. The mere fact that the framers specifically authorized the Legislature to establish a different voting method for a specific category of voters does not necessarily signify their intent to restrict the Legislature's power to establish alternative voting methods for other voters. Indeed, such a conclusion would contradict the broad power granted to the Legislature by article II, § 7 to make generally applicable laws permitting "the citizens" to vote by "such other method" that it chooses to establish. Nor is a mandate requiring in-person voting necessarily implied from article II, § 2, especially inasmuch as an express in-person voting requirement formerly existed in the NY Constitution but was long ago removed (see, 1846 NY Const, art II, § 1). In the Court's view, the removal of such language evinces the intent that in-person voting no longer be required.
In light of the above, the Court finds that plaintiffs have failed to meet their heavy burden
of proving beyond a reasonable doubt that the Early Mail Voter Act is unconstitutional under the NY Constitution. To the extent that plaintiffs' arguments have not been specifically addressed, they have been reviewed and found to be lacking in merit. In view of the foregoing, the Court declares the Early Mail Voter Act to be valid and constitutional. The alternative arguments raised by defendants in support of their respective motions to dismiss have been rendered academic and [*6]need not be addressed. Defendants' respective motions to dismiss the complaint for failure to state a cause of action are granted, and plaintiffs' cross motion for summary judgment in their favor is denied.
For the foregoing reasons, it is hereby
ORDERED, ADJUDGED, AND DECLARED that the Early Mail Voter Act is constitutional under the NY Constitution, and it is further
ORDERED that the motion to dismiss filed by defendants Democratic Congressional Campaign Committee, Senator Kirsten Gillibrand, Representatives Yvette Clarke, Grace Meng, Joseph Morelle, Ritchie Torres, and New York voters Janice Strauss, Geoff Strauss, Rima Liscum, Barbara Walsh, Michael Colombo, and Yvette Vasquez is granted, and it is further
ORDERED that the motion to dismiss filed by defendants State of New York and Kathy Hochul, in her official capacity as Governor of New York, is granted, and it is further
ORDERED that plaintiffs' cross motion is denied, and the complaint is dismissed. 
This shall constitute the Decision and Judgment of the Court, the original of which is being transmitted to the Albany Court Clerk for electronic filing and entry. Upon such entry, counsel for defendants State of New York and Kathy Hochul shall promptly serve notice of entry on all other parties (see, Uniform Rules for Trial Courts [22 NYCRR] § 202.5-b [h] [1], [2]).
SO ORDERED.
Dated: February 5, 2024
HON. CHRISTINA L. RYBA
SUPREME COURT JUSTICE

Footnotes

Footnote 1: It should be noted that article II, § 2 does not specify that absentee voting is to be conducted by mail, but instead leaves the manner and method of absentee voting to the Legislature's discretion. The Legislature designated mail as the voting method for absentee ballots upon its enactment of Election Law § 8-400.